PEOPLE v. GIBSON.

1. Homicide—Corpus Delicti—Motor Vehicles—Intoxicating Liquors—Involuntary Manslaughter.
   In prosecution for negligent homicide under 3 Comp. Laws 1929, §§ 16743–16745, evidence that defendant was driving automobile while under influence of intoxicating liquor at time of homicide, as charged, *held*, sufficient to sustain conviction of involuntary manslaughter.

2. Criminal Law—Res Gestæ Witnesses—Failure to Produce.
   Showing made by prosecutor that he was unable to produce some of the *res gestæ* witnesses, *held*, to justify submission to jury question of whether their absence was satisfactorily explained.

Error to Recorder's Court of Detroit, Traffic and Ordinance Division; Callender (Sherman D.), J. Submitted January 15, 1931. (Docket No. 154, Calendar No. 35,348.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Matthew Gibson was convicted of involuntary manslaughter. Affirmed.

*J. H. M. Alexander,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Philip J. Neudeck,* Assistant Prosecuting Attorney, for the people.

NORTH, J. Defendant herein, while driving an automobile on Garfield avenue in the city of Detroit, struck and killed a boy about 14 years of age. Defendant was charged with involuntary manslaughter; but under Act No. 98, Pub. Acts 1921 (3 Comp. Laws 1929, §§ 16743–16745), the jury found him guilty of the included lesser offense, negligent homicide. He reviews by writ of error.

Appellant first contends that the *corpus delicti* was not established. We do not so find. On the contrary the record contains testimony tending to establish every element of the offense charged.

Witnesses whose testimony disclosed that they were familiar with the smell of intoxicating liquors testified that immediately after the accident they detected such an odor on defendant's breath. At least one witness testified on cross-examination that he saw defendant walk "unsteady," and that he talked to defendant and "he had a little difficulty in his speech;" and further: "I claim that I smelled what they call moonshine whisky. I am quite familiar with that." The information charges defend-

ant was "under the influence of intoxicating liquor" at the time of the homicide. The foregoing testimony of which appellant complains was competent and material.

Not all the *res gestæ* witnesses were called, but the prosecuting attorney made a showing which disclosed inability to produce the others. In this connection the court charged the jury:

"That it is the duty of the prosecution in a homicide case to summon all the eyewitnesses to the crime, and if the prosecution fails to do so and the absence of such witnesses is not satisfactorily explained or excused, then you, as jurors, are at liberty to draw the inference * * * that if such witnesses were produced their testimony would be unfavorable to the people's case."

There is no disposition to depart from the established law of this State.

"In cases of homicide, and in other cases where analogous reasons exist, those witnesses who were present at the transaction, or who can give direct evidence on any material branch of it, should always be called by the prosecution, unless, possibly, when too numerous; and the fact that the witness may not be favorable to the prosecution is no excuse for not calling him. * * * A public prosecutor is * * * as much bound to protect the innocent as to pursue the guilty, and he has no right to suppress testimony" (syllabus). *Wellar* v. *People,* 30 Mich. 16.

However, in the instant case the prosecutor made a showing which we think the trial judge was justified in accepting, especially in view of the subsequent charge to the jury. While defendant claimed to be surprised by the nonappearance of these witnesses whose names were indorsed on the informa-

tion, no application for a continuance was made. We think the rights of the accused were fully protected and no error committed.

Several other questions are raised by defendant's assignments of error. We have given each of them careful consideration and find them to be without merit. The record discloses no prejudicial error. The judgment of the lower court is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.