PEOPLE v DOUGLAS
PEOPLE v NEWBERN
PEOPLE v BROWN

1. CRIMINAL LAW—INTENT—JURY—EVIDENCE—INFERENCES.

Intent can be established as an inference of fact to the satisfaction of the jury; therefore where the defendants were charged with breaking and entering with intent to commit larceny and convicted of entering without breaking with intent to commit larceny, the jury could reasonably infer that the defendants lacked permission to enter the premises because the window was broken, the lights had been turned off, burned out matches were found in the cooler where one of the defendants was arrested and another of the defendants was discovered hiding under a pile of old clothes in the back room of the premises.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DILIGENCE.

Police officers were diligent in their efforts to locate two alleged res gestae witnesses where two elderly gentlemen had come into a police station and advised the officer in charge of a breaking and entering in progress, declined to reveal their names, were not known to the police as being res gestae witnesses in fact, and where later persons in the neighborhood were notified that the two men would be entitled to a reward and should come to the police station and these efforts proved of no avail.

3. CRIMINAL LAW—PRIOR CONVICTIONS—IMPEACHMENT—INSTRUCTIONS TO JURY.

There was no error in allowing cross-examination of defendants and admitting evidence of the defendants' prior convictions where the court instructed the jury more than once that such evidence was to be considered only as it related to the witnesses' credibility and not to determine whether or not the defendants committed the crime charged.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 324.
[2] 21 Am Jur 2d, Criminal Law § 118.
[3] 21 Am Jur 2d, Criminal Law § 585.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 February 11, 1974, at Lansing. (Docket Nos. 14549, 14550, 16392.) Decided March 26, 1974. Leave to appeal denied as to defendant Brown, 392 Mich 775.

Charles Douglas, Floyd Newbern, and Arthur Brown were convicted of entering without breaking with intent to commit larceny. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*Campbell, Lee, Kurzman & Leitman* (by *Bruce T. Leitman),* for defendants.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

J. H. GILLIS, P. J. Defendants were charged with breaking and entering a business place with intent to commit larceny therein. MCLA 750.110; MSA 28.305. Defendants Douglas and Newbern elected to be tried by a jury, while defendant Brown waived that right. All defendants were simultaneously tried and convicted of the lesser included offense of entering without breaking with intent to commit larceny. MCLA 750.111; MSA 28.306. Douglas and Newbern appeal as of right; Brown was granted a delayed appeal.

Following a 4:30 a.m. radio report of a breaking and entering in progress, police went to a bar where they discovered a panel of glass missing from the front window. One officer looked through the window and saw Newbern, whom he ordered

---

* Circuit judge, sitting on the Court of Appeals by assignment.

out of the building. Another officer, entering the rear door, placed Brown under arrest as he walked out of the bar cooler. A third officer saw some shoes sticking out from under a pile of old clothes in a back room. He kicked the shoes and the shoes kicked back. This officer ordered the person to whom the shoes were attached to come out from under the pile. Douglas emerged.

Three issues are raised on appeal. Did the trial court err 1) in denying defendants' motion for a directed verdict because the people had failed to prove an essential element of the corpus delicti, 2) in refusing to have two witnesses endorsed on the information as res gestae witnesses, and 3) in failing to prohibit cross-examination of some of the defendants on prior convictions?

Defendants claim the prosecution failed to establish lack of permission to enter because the building owner did not testify that he did not give permission to the defendants to enter the premises. True, the owner did not testify, but an employee on the night in question testified to securing the building. He stated he made certain that all the bar's patrons had gone before he locked up the establishment. Intent can be established as an inference of fact to the satisfaction of the jury. The jury in the instant case could reasonably infer that the defendants lacked permission to enter the premises because the window was broken, the lights had been turned off, and approximately ten burned out matches were found in the cooler where Brown was arrested. The jury likewise might infer that Douglas entered without permission when he was discovered hiding under a pile of old clothing in the back room. Suffice it to say, this issue lacks merit. We suggest that those interested read Justice Campbell's comments in *People v Scott,* 6 Mich 287, 296 (1859).

The second issue can best be explained as follows. Two elderly black gentlemen came into the police station and advised the officer on duty that a breaking and entering was in progress at the "Club 88." After relaying the report over police radio, the officer asked for their names, which the men declined to reveal. Whether these gentlemen are res gestae witnesses is unknown since the two men did not advise the police officer that they witnessed a breaking and entering. The information may have been given them by a third party. Additionally, ample testimony shows police efforts to locate the two gentlemen. Persons in the neighborhood were notified that the two gentlemen would be entitled to a reward and should come to the police station. However, these efforts proved to no avail. The trial court correctly ruled that the police officers were diligent in their efforts to locate these witnesses, assuming *arguendo* that they were res gestae witnesses. We agree.

The final issue involves two defendants' conviction records. (Brown had no record and thus is not involved in this issue.) Defense counsel timely objected to the admission of any record on cross-examination of Douglas and Newbern. In the absence of the jury and prior to the defendants' testimony, the trial court ruled that Newbern's armed robbery and drunk and disorderly convictions could be brought out for impeachment purposes only. On cross-examination Newbern admitted the armed robbery conviction and denied the drunk and disorderly conviction.[1]

Douglas had been convicted of five or six misdemeanors and one felony. The court excluded various traffic convictions but allowed convictions of

---

[1] Incidentally, Newbern also testified that he did not have the consent of the owner to be in the bar that evening after hours.

attempted possession of narcotics, using a car without permission, disorderly person, and failing to obey a police officer. The court more than once instructed the jury that evidence of prior convictions can only be considered as it relates to the witness's credibility. He further instructed them that such evidence is not to be considered to determine whether or not the defendants committed the crime charged. This charge was given to the jury immediately after the cross-examination of the first defendant, and was repeated in the court's final charge to the jury. We find no error.

Judge Hampton's final charge to the jury *in toto* demonstrates a conscientious trial judge's sincere effort to clearly instruct the jury on their duty to weigh and evaluate the testimony and evidence. Defense counsel, with one exception, approved the court's charge. Defense counsel wanted the court to give the reasonable doubt instruction in specific language. The court did not use that precise language but did charge the jury as to the definition and meaning of reasonable doubt and its application in their deliberations.

In conclusion, we find that the defendants received fair trials and we find no reversible error.

Affirmed.

All concurred.