PEOPLE v SIMPSON

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —STATUTES.

   The statutory requirement that a prosecutor must indorse on an information the names of the witnesses known to him at the time of filing applies only to res gestae witnesses (MCLA 767.40).

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —PROSECUTORS—DILIGENCE.

   A prosecutor is excused from indorsing unknown res gestae witnesses only after he has shown to the court evidence of a diligent effort to identify them.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —PROSECUTORS—DUE DILIGENCE.

   A prosecutor is not excused from making a diligent effort to identify and indorse res gestae witnesses because of a failure by the police to obtain the names of those witnesses who were present when the defendant was arrested.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—WITNESSES—RES GESTAE
   WITNESSES—INDORSEMENT—ABUSE OF DISCRETION.

   Failure of a trial court to give a jury instruction requested by a defendant on the non-indorsement of res gestae witnesses must be shown to be an abuse of judicial discretion to merit reversal of the defendant's conviction.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —PROSECUTORS—DUE DILIGENCE—BURDEN OF PROOF.

   The burden of showing due diligence in an attempt to identify and locate res gestae witnesses is on the prosecutor, and this burden was misplaced by a trial court when it found no showing that a prosecutor had not purposefully avoided making an effort to locate such witnesses rather than inquiring into

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60, 134.

[4] 75 Am Jur 2d, Trial § 700.

whether or not the prosecutor had made a diligent effort to do so, and where the court justified the prosecutor's failure to indorse the witnesses by noting that the defendant had been unable to locate the one witness whose name was known to him.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 7, 1974, at Detroit. (Docket No. 16500.) Decided January 6, 1975.

Marvin Simpson was convicted of possession of heroin and of carrying a concealed weapon. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *John L. Thompson, Jr.,* Assistant Prosecuting Attorney, for the people.

*Joel Brown,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and VAN VALKENBURG,* JJ.

LESINSKI, C. J. A jury convicted defendant of possession of heroin, MCLA 335.52; MSA 18.1072, and carrying a concealed weapon, MCLA 750.227; MSA 28.424. Defendant appeals as of right.

Only one issue which defendant assigns as error merits treatment herein. Defendant contends that the prosecutor's failure to indorse and produce several alleged res gestae witnesses and the refusal of the trial court to give a jury instruction

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

proposed by defendant based on this alleged failure[1] constitute reversible error.

At trial, Officer Snell testified that on February 20, 1972, he and two fellow officers were sent by an informer to a specific address at which they would "find a man carrying a gun". Upon entering that address, the officers confronted defendant, who fit the informer's description. Upon seeing the officers, defendant fled up three flights of stairs with Officer Snell in pursuit. On the third floor landing, a small enclosed area, the officer saw defendant drop a gun and a brown paper bag which was later found to contain heroin. Defendant then walked into a group of four or five people who were knocking on an apartment door on the third floor landing. Officer Snell thereupon drew his gun and ordered defendant and the others to put their hands in the air. The officer testified that he arrested only the defendant and released the others without determining their identities "because they weren't involved".

Defendant claimed that he had gone to borrow money from a friend who lived on the third floor. Defendant testified that upon reaching the third floor landing, he came upon a group of five or six individuals, some one of whom threw down the gun and bag thinking him to be a police officer. He further testified that Officer Snell came up the stairs behind him and inexplicably told him to put his hands up and then arrested him.

A prosecutor must indorse on an information

---

[1] The trial court charged the jury as follows: "I charge you, Ladies and Gentlemen of the jury, 'that it is the duty of the prosecution * * * to summon all the eyewitnesses to the crime, and if the prosecution fails to do so and the absence of such witnesses is not satisfactorily explained or excused, then you, as jurors, are at liberty to draw the inference * * * that if such witnesses were produced their testimony would be unfavorable to the people's case.' [People v Gibson, 253 Mich 476, 478; 235 NW 225 (1931)]."

the names of the witnesses known to him at the time of filing. MCLA 767.40; MSA 28.980. The mandatory requirement of the statute for the indorsement of witnesses applies only to res gestae witnesses, *People v Keywell,* 256 Mich 139; 239 NW 288 (1931), *People v Kayne,* 268 Mich 186; 255 NW 758 (1934), *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949).

The prosecutor does not refute defendant's claim that the witnesses to defendant's arrest were res gestae witnesses. However, citing *People v Todaro,* 253 Mich 367; 235 NW 185 (1931), *aff'd,* 256 Mich 427; 240 NW 90 (1932), and *People v Loggins,* 17 Mich App 388; 169 NW2d 519 (1969), the prosecutor claims that he was under no obligation to indorse and produce these witnesses because their identities were not known to him. The prosecutor fails, however, to note that a prosecutor is excused from indorsing unknown witnesses only after he has shown to the court evidence of a diligent effort to identify them. In *Todaro, supra,* and all subsequent cases citing it, the prosecution documented diligent efforts to indorse and produce res gestae witnesses. *Loggins* merely states the rule that unknown witnesses need not be indorsed but does not condone a failure to indorse in the absence of a diligent search. See *People v Harrison,* 44 Mich App 578, 587; 205 NW2d 900, 906 (1973). The record here presents no evidence of any effort by the prosecutor to identify the witnesses found at the scene. Further, the admitted fact that Officer Snell ordered them at gunpoint to raise their hands indicates their immediate relationship to the occurrence, even if they were not later arrested, as likely res gestae witnesses.

At trial the prosecutor argued that he should be excused from indorsing the eyewitnesses because

the failure of the police to get their names would make it impossible to find them. Legal and practical realities reject this argument. To accept plaintiff's reasoning we would have to believe that the police and the prosecuting attorney are unrelated parts of the State's prosecutorial system. Police negligence cannot excuse a prosecutor from performance of his legal duty. Any other rule would undermine the viability of the res gestae rule requiring disclosure of the evidence necessary for an adequate defense. *People v Raider,* 256 Mich 131; 239 NW 387 (1931).

The most cogent case for plaintiff is *People v Parisi,* 270 Mich 429; 259 NW 127 (1935). There the police knew of a res gestae witness but did not notify the prosecutor, who became aware of the witness only when defendant moved to indorse same. On appeal the Supreme Court found no abuse of discretion in the trial court's refusal to grant defendant's motion for a directed verdict based on the non-indorsement. While the record here provides no information about the prosecutor's awareness of the eyewitnesses, any familiarity by the prosecutor with the testimony of his own witnesses should have brought the res gestae witnesses to his attention. Further, the *Parisi* trial court considered the unindorsed res gestae witnesses to be unimportant, which is clearly not the case here. Indeed, one or more of the res gestae witnesses in the instant case may provide the only available third-party corroboration of defendant's story.

The second prong of defendant's attack on his conviction is the court's failure to give the instruction requested by defendant. To merit reversal on this ground, the trial court's refusal of defendant's motion for a jury instruction on the non-indorse-

ment of res gestae witnesses must be shown to be
an abuse of judicial discretion. *People v Tann,
supra; People v Tamosaitis,* 244 Mich 258; 221 NW
307 (1928); *People v Bersine,* 48 Mich App 295; 210
NW2d 501 (1973), *lv den,* 391 Mich 837 (1974).

Once the existence of an unindorsed res gestae
witness has been shown, the prosecutor has the
burden of showing a diligent effort to indorse that
witness. *People v Zabijak,* 285 Mich 164; 280 NW
149 (1938); *People v Raymond Robinson,* 390 Mich
629; 213 NW2d 106 (1973); *People v Harrison,
supra; People v James,* 51 Mich App 777; 216
NW2d 473 (1974). From the record in this cause it
appears that the trial court misplaced the burden
of proof required for a showing of due diligence by
the prosecutor. The trial court found "no showing
[that] there was any purposeful avoidance or that
these people came to the attention of the prosecu-
tor". Further, the trial court justified the prosecu-
tor's failure to indorse by noting that defendant
had been unable to locate the one witness whose
name was known to defendant. The trial court
should have asked whether the prosecutor made a
diligent effort to locate the witnesses, not whether
the prosecutor had purposefully avoided making
an effort to locate them. Defendant's burden was
met when the existence of the eyewitnesses was
brought out by the prosecution's first witness. The
prosecution presented no evidence to meet its
burden.

We remand this cause to the trial court for the
purpose of allowing defendant to renew a motion
for new trial. In the event defendant is denied a
new trial on motion, the defendant is entitled to
an evidentiary hearing at which the prosecutor
shall be required to indorse and produce the res
gestae witnesses or explain why he cannot do so

and why they were not indorsed and produced at trial. *People v Raymond Robinson, supra.* If any or all of the res gestae witnesses are produced they shall be examined regarding their knowledge of the crime for which defendant has been convicted. In the event the prosecutor is unable to identify or locate the alleged res gestae witnesses, he shall make a record at the hearing of his effort to locate same. We retain jurisdiction, in the event a new trial is denied, for the purpose of reviewing the judge's findings at the evidentiary hearing directed herein. In that event a transcript of the hearing and the judge's findings shall be transmitted to the Court of Appeals. GCR 1963, 820.1(5), *People v Raymond Robinson, supra.* In the event a new trial is ordered, the trial court shall order a copy of the order granting new trial filed with this Court and upon filing of same the Court will no longer retain any jurisdiction in the cause.

Remanded for proceedings consistent with this opinion.

All concurred.