PEOPLE v RIMSON

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PROSECUTORS
—INDICTMENT AND INFORMATION—STATUTES.

A prosecutor must indorse on an information the names of all res
gestae witnesses known to him at the time of filing the infor-
mation (MCLA 767.40).

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PROSECUTORS
—DUE DILIGENCE—COURTS—DISCRETION—APPEAL AND ERROR.

Failure to indorse a res gestae witness on an information and to
produce that witness may be excused where the prosecutor
makes a showing of due diligence in searching for the witness;
whether due diligence is shown is a question for the discretion
of the trial court and will be overturned on appeal only where
a clear abuse of discretion is shown.

3. CRIMINAL LAW—EVIDENCE—RELEVANCE—COURTS—DISCRETION—
APPEAL AND ERROR.

A determination of whether evidence is relevant rests within the
discretion of the court and will not be upset on appeal unless a
clear abuse of discretion has occurred; evidence is admissible if
it is helpful in throwing light upon any material point in issue.

4. DRUGS AND NARCOTICS—EVIDENCE—MATERIALITY—DISTRIBUTION OF
NARCOTICS—STATUTES.

Testimony by a police informer relating to general methods of
procuring and distributing narcotics is immaterial to the issue
of whether a defendant sold heroin to the informer and should
be excluded; a conviction need not be reversed, however, where
a review of the record shows that the erroneous admission of
the testimony did not result in a miscarriage of justice (MCLA
769.26).

5. DRUGS AND NARCOTICS—EVIDENCE—PRIOR DRUG SALES—SCHEME—
PLAN—SYSTEM—STATUTES.

Testimony by a police informer as to prior drug purchases from a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Information §§ 55, 56.
[3] 5 Am Jur 2d, Appeal and Error §§ 885–887.
[4, 5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 41, 47.

defendant charged with delivery of heroin was not improperly allowed into evidence where the testimony was a nonresponsive answer to proper questioning and tended to show a defendant's scheme, plan or system in delivering narcotics (MCLA 768.27).

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted June 4, 1975, at Grand Rapids. (Docket No. 20251.) Decided July 23, 1975.

Robert Rimson was convicted of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael Slaughter,* Assistant Prosecuting Attorney, for the people.

*Jerkins, Plaszczak & Silaski,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. On March 14, 1974, defendant was convicted by a Kalamazoo County Circuit Court jury of delivery of heroin, a controlled substance, in violation of MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to a term of from 12 to 20 years and appeals by right.

On appeal, defendant raises several claims of error, three of which merit discussion. His first contention is that the trial court committed reversible error when it ruled that the prosecutor did not have to endorse and produce a res gestae witness. The witness involved was a young woman who was the only other individual present at the time defendant sold heroin to a police undercover agent, Floyd Love. After a hearing on defendant's motion to endorse, the trial court ruled that the young woman was a res gestae witness, but that

the prosecutor had made a showing of due diligence sufficient to excuse her endorsement and production. Defendant claims that this finding of due diligence was erroneous.

A prosecutor must endorse on an information the names of all witnesses known to him at the time of filing, MCLA 767.40; MSA 28.980. The mandatory requirement of endorsement and production applies only to res gestae witnesses. *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949), *People v Simpson,* 57 Mich App 320; 225 NW2d 748 (1975), *People v Bersine,* 48 Mich App 295; 210 NW2d 501 (1973), *lv den* 391 Mich 837 (1974). The failure to satisfy this requirement may be excused where the prosecutor makes a showing of due diligence in searching for a res gestae witness. *People v Gibson,* 253 Mich 476; 235 NW 225 (1931), *People v Simpson, supra, People v Bersine, supra.* The question of whether due diligence has been shown is a matter for the discretion of the trial court and will be overturned on appeal only where a clear abuse of discretion is shown. *People v Tann, supra, People v Russell,* 27 Mich App 654; 183 NW2d 845 (1970).

The record shows that the prosecutor's search was hampered by the fact that the informer did not know the name of the witness. The informer testified that he had seen the girl before, that he never learned her name and that he knew some people with whom she "hung out" but that they had moved away. One of the arresting officers testified that, using the description supplied by the informer, he had attempted to find the girl. He interviewed one individual whom he suspected to be the girl, but she denied being the witness. The officer then went to her home and spoke again to the suspected witness and to her parents. She

again denied being the eyewitness, and her parents supported this denial. The officer made other attempts to find a girl matching the description given by the informer but was unsuccessful. On the basis of this record, we cannot say that the court's denial of defendant's motion to endorse was an abuse of discretion.

Defendant's second claim is that the trial court committed error by allowing into evidence testimony by the police informer relating to general methods of procuring and distributing narcotics. The challenged testimony did not relate directly to defendant's alleged drug operation but was in response to an inquiry by the prosecutor as to whether those people known "on the street" to be selling drugs always had drugs available for sale. Defendant's objection to the admission of this testimony was denied as were his motions for a mistrial and for a cautionary instruction. Defendant argues that the challenged testimony was irrelevant and should not have been admitted.

A determination of whether or not evidence is relevant rests within the discretion of the court, and the court's determination will not be upset on appeal unless a clear abuse of discretion has occurred. *People v Hodo,* 51 Mich App 628, 638; 215 NW2d 733 (1974). Under the broad Michigan standard, evidence is admissible if it is "helpful in throwing light upon any *material point in issue",* *People v Becker,* 300 Mich 562, 565; 2 NW2d 503 (1942), *People v Kozlow,* 38 Mich App 517; 196 NW2d 792 (1972), *lv den* 387 Mich 798 (1972). (Emphasis supplied.) We find that the challenged testimony should have been excluded because it was immaterial to the issue being tried. The issue at trial was whether defendant sold heroin to the informer. The informer's testimony about drug

trafficking in general did not bear upon this issue. Plaintiff claims that the testimony was offered to bolster the informant's credibility. We disagree. The testimony was not material as to whether the informer's claim that defendant sold heroin to him was credible. Also, the informer was not offered as an expert witness, and, therefore, his credibility could not be bolstered prior to being attacked by defendant. *People v Greene,* 42 Mich App 154; 201 NW2d 664 (1972), *lv den* 388 Mich 783 (1972), *People v Gardineer,* 2 Mich App 337; 139 NW2d 890 (1966). We find, however, from a review of the record, that the admission of this evidence did not result in the "miscarriage of justice" required to necessitate reversal, MCLA 769.26; MSA 28.1096. See also *People v Murray,* 54 Mich App 723, 727; 221 NW2d 468 (1974).

Defendant's third contention is that testimony by the informer as to prior purchases from defendant was so prejudicial as to require reversal. We find no error. First, this testimony was a nonresponsive answer to proper questioning and, as such, was not erroneous. *People v Todaro,* 253 Mich 367, 375; 235 NW 185 (1931), *People v Histed,* 56 Mich App 630, 635; 224 NW2d 721 (1974). Second, such testimony would be properly admissible under MCLA 768.27; MSA 28.1050, as tending to show "scheme, plan or system", *People v Harper,* 39 Mich App 134; 197 NW2d 338 (1972).

We find defendant's other claims of error to be without merit.

Affirmed.