PEOPLE v HADLEY

WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO IN-
DORSE—HARMLESS ERROR—REASONABLE JURORS—REASONABLE
DOUBT.

A res gestae witness to a crime is one who was an eyewitness to
some event in the continuum of a criminal transaction and
whose testimony will aid in developing a full disclosure of the
facts surrounding the alleged offense; nonindorsement and
nonproduction of a res gestae witness is harmless error and not
offensive to the maintenance of a sound judicial process on
appeal where the proof against a convicted defendant was so
overwhelming aside from the taint of error that all reasonable
jurors would find guilt beyond a reasonable doubt.

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted January 14, 1976, at Lansing. (Docket
No. 23375.) Decided March 9, 1976.

Antonio Hadley was convicted of breaking and
entering an automobile with intent to commit
larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, *John J. Hensel,* Senior As-
sistant Prosecuting Attorney, and *Robert L.
Cooper,* Assistant Prosecuting Attorney, for the
people.

*Matuszak & Stillwagon,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 708 *et seq.*
41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

N. J. KAUFMAN, J. Defendant was convicted by a Washtenaw County Circuit Court jury of breaking and entering an automobile with intent to commit larceny therein, MCLA 750.356a; MSA 28.588(1). He was subsequently sentenced to a term of from three to five years in prison and now appeals of right.

At trial, the arresting officers testified that at about 4 a.m. on August 28, 1974, they answered a radio call which informed them of a possible breaking and entering of an auto at the Campus Inn in Ann Arbor. At the time they received the report, the officers were two blocks from the Inn. Arriving at the scene and observing the parking lot, they spotted a man crouching at the side of a vehicle, apparently watching someone inside the car. The officers could see a flickering light inside the car. As the officers ran to the suspect vehicle, defendant stepped out of it and was promptly arrested. Near the car door used by defendant, the officers found a wire coat hanger which had been bent to form a hook.

The officers then determined that the individual who had been watching defendant was an Inn employee, Kicad Castaneda-Mendez. At trial Mendez testified that, while working the midnight shift, he was called by an airline pilot who was staying in an eighth floor room and who reported that from his window he had seen a suspicious individual in the parking lot. Mendez took a nightstick out to the parking lot and saw an individual look into several cars with a flashlight and finally get into a car. He could not see how the individual entered the car. At trial, he identified defendant as this person. Mendez then ran

back to the front desk to call the police. Almost immediately after Mendez ran back to the lot to observe defendant, the police arrived and made the arrest.

The daughter of the car's owner testified that she and her father checked into the Inn shortly before the breaking and that she had locked her door. She believed that her father had locked his door also.

Defendant assigns as his sole claim of error on appeal the court's rejection of a defense motion to require the prosecutor to endorse and produce as a res gestae witness the airline pilot whose report had triggered the events leading up to defendant's arrest. The police had not ascertained the pilot's name, and he was not interviewed. The trial court, in denying defendant's motion, held that the pilot was not a res gestae witness and, even if he were, his testimony would have been cumulative.

While we agree with defendant that the pilot was a res gestae witness, we find that his nonendorsement was harmless error. A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense. See *e.g. People v Kayne,* 268 Mich 186; 255 NW 758 (1934), *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949), *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). The pilot's observation of defendant's preparation to commit the charged offense, thus, qualifies the pilot as a res gestae witness.

We are hesitant to agree with the trial court's conclusion that the pilot's testimony would have been cumulative. We find the cumulative testimony exception to the res gestae witness rule to be

most troublesome. This exception is often invoked where, as here, the court has no idea what testimony the witness might give. This Court has upheld the use of the cumulative testimony exception where "in all probability the testimony would only have been cumulative". *People v Reynold,* 20 Mich App 397, 399; 174 NW2d 25 (1969). See also *People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975). There is such a probability in the instant case. However, such an assumption seems to run contrary to the rule which gives a defendant the benefit of any doubt in determining whether a witness be endorsed and produced. *People v Kayne, supra.* Therefore, we would rather not add further support to the paradoxical situation where only through the production of a witness can a court determine whether his testimony is cumulative but where his production is excused by deeming his testimony cumulative.

In turning to the rationale for our decision, we note our concern that the harmless error doctrine should be applied in few such cases. Numerous decisions have stressed the salutary, defendant-oriented purpose of the rule's requirement that the prosecutor disclose all evidence related to the criminal transaction. *People v Raider,* 256 Mich 131; 239 NW 387 (1931), *People v Simpson,* 57 Mich App 320; 225 NW2d 748 (1975). Since the Supreme Court decision in *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), this Court has increasingly found harmless error in cases such as this. See *e.g. People v Coppernol,* 59 Mich App 745; 229 NW2d 913 (1975), *People v Wynn,* 60 Mich App 636; 231 NW2d 269 (1975), *People v Sims,* 62 Mich App 550; 233 NW2d 645 (1975), *People v Jones, supra.*

We are constrained to add this opinion to those

which have held that nonendorsement and nonproduction was harmless error. We do not find this error unduly "offensive to the maintenance of a sound judicial process". *People v Swan,* 56 Mich App 22, 31–32; 223 NW2d 346 (1974). We base our decision on the overwhelming evidence against defendant. Where "the proof was so overwhelming, aside from the taint of the error, that all reasonable jurors would find guilt beyond a reasonable doubt", then a defendant's conviction should be affirmed. *People v Swan, supra,* 33, quoting from Saltzburg, *The Harm of Harmless Error,* 59 Va L Rev 988, 1014, fn 89.

Defendant here was caught "red-handed". A witness saw him enter the car which, testimony indicated, was locked. The police caught him leaving the car. They found a coat hanger bent to be used to open locked doors. Given the other evidence, we can conceive of no facts which the pilot could provide to raise a reasonable doubt in the mind of a reasonable juror.

Affirmed.