PEOPLE v CARTER

Docket No. 78-204. Submitted October 10, 1978, at Lansing.—Decided January 3, 1979.

Billy G. Carter was convicted of armed robbery and possession of a firearm during the commission of a felony by the Genesee Circuit Court, Philip C. Elliott, J. Defendant appeals claiming errors in the admission of evidence concerning other criminal acts by the defendant, in the failure to produce two alleged res gestae witnesses for trial, and that it was double jeopardy to convict him of both armed robbery and possession of a firearm during the commission of a felony as a result of one criminal transaction. *Held:*

1. There was no reversible error where the trial court found that the probative value of evidence concerning other criminal acts by the defendant outweighed its prejudicial effect and allowed this testimony into evidence where the identity of the robber was in issue and the testimony tended to support the witness's indentification of the defendant by showing she had another opportunity to observe the defendant under similar circumstances. The common law allows such evidence when the evidence offered tends to prove the identity of the person who committed the crime for which the defendant is on trial.

2. The trial court did not abuse its discretion in finding that the prosecutor had exercised due diligence in attempting to locate and produce certain alleged res gestae witnesses at the trial; the trial judge did not err in finding that the police informant in this case was not a res gestae witness.

3. The defendant's conviction for both armed robbery and possession of a firearm during the commission of a felony did not violate the double jeopardy clause.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 320, 322.

[3] 41 Am Jur 2d, Indictments and Informations § 56.

[4] 29 Am Jur 2d, Evidence § 708.

[5] 81 Am Jur 2d, Witnesses § 2.

[6] 21 Am Jur 2d, Criminal Law §§ 183, 186.

[7] 21 Am Jur 2d, Criminal Law §§ 188, 570.

[8] 21 Am Jur 2d, Criminal Law § 570.

BASHARA, J. concurred in part and dissented in part. He would vacate the felony-firearm conviction but uphold the sentence imposed therefor based upon his belief that the felony-firearm statute is a sentence enhancement statute rather than a statute creating a separate and distinct felony.

OPINION OF THE COURT

1. EVIDENCE—CRIMINAL LAW—UNRELATED CRIMES—ADMISSIBILITY— EXCEPTION.

Evidence of a distinct, unrelated crime is generally not admissible in a trial of a defendant charged with the commission of a different criminal offense; a common law exception to this rule allows admission of such evidence when the evidence offered tends to prove the identity of the person who committed the crime for which defendant is on trial.

2. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—ADMISSIBILITY— IDENTITY—CREDIBILITY.

There was no reversible error where a trial court, in a trial for armed robbery and possession of a firearm during the commission of a felony, found that the probative value of evidence, by which the defendant was identified as the same person who committed an earlier robbery of the same store, outweighed its prejudicial effect and allowed this testimony into evidence because the identity of the robber was in issue and the witness's viewing of the defendant during a robbery approximately one month before the charged robbery, in the same store under similar circumstances, tended to make the witness's identification of the defendant more credible.

3. WITNESSES—CRIMINAL LAW—INDORSEMENT—PRODUCTION—RES GESTAE WITNESSES—STATUTES.

The mandatory requirements for indorsement and production of witnesses apply only to res gestae witnesses (MCL 767.40; MSA 28.980).

4. WITNESSES—CRIMINAL LAW—DEFINITIONS—RES GESTAE WITNESSES.

A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense; a res gestae witness is also a witness whose testimony is reasonably necessary to protect the defendant against a false accusation.

5. Witnesses—Criminal Law—Res Gestae Witness—Production—
Excused—Due Diligence—Court's Discretion—Appeal and
Error.

A failure to produce a res gestae witness at a criminal trial may
be excused where the prosecutor makes a showing of due
diligence in searching for the witness; the determination of due
diligence is entrusted to the discretion of the trial court and
will be overturned on appeal only where a clear abuse of
discretion is shown.

6. Criminal Law—Constitutional Law—Felony-Firearm—Double
Jeopardy—Statutes.

A defendant who is found to have committed a felony and then
found to have carried or had in his possession a firearm during
the commission of that felony is not thereby subjected to double
jeopardy, to double sentence, or to double punishment (MCL
750.227b; MSA 28.424[2]).

Concurrence in Part, Dissent in Part by Bashara, J.

7. Constitutional Law—Criminal Law—Double Jeopardy—Fel-
ony-Firearm—Sentence Augmenting Statute—Statutes.

*There is no double jeopardy problem with the felony-firearm
statute if the statute is viewed as a sentence increasing or
sentence augmenting statute, as was the intent of the Legisla-
ture, rather than viewed as a statute creating a separate and
distinct felony (MCL 750.227[b]; MSA 28.424[2]).*

8. Criminal Law—Felony-Firearm—Additional Sentence—Stat-
utes.

*That portion of the felony-firearm statute which sets forth an
additional mandatory term of imprisonment for the conviction
of an underlying felony when a firearm is used in its perpetra-
tion or attempted perpetration is valid (MCL 750.227[b]; MSA
28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *Edwin R. Brown,* Assistant
Prosecuting Attorney, for the people.

*Edwin M. Vater,* for defendant.

Before: DANHOF, C.J., and BASHARA and CYNAR, JJ.

DANHOF, C.J. On September 21, 1977, defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). This case arose out of an incident occurring on March 19, 1977, in which two employees of Johnny's Superette, Jeries Qumsyeh and Margaret Fox, were robbed at gunpoint by two men. On November 8, 1977, defendant was sentenced to a term of 10 to 20 years imprisonment on the armed robbery conviction and to a two-year term on the felony-firearm conviction. These sentences are consecutive, see MCL 750.227b(2); MSA 28.424(2). Defendant appeals as of right.

Defendant's first claim on appeal is that the trial court erred reversibly by allowing the prosecutor to introduce into evidence testimony concerning other criminal acts by defendant. Margaret Fox, one of the victims, testified at trial and identified defendant as one of the men involved in the robbery. She also identified defendant, over defendant's objection, as the same person who had committed an earlier robbery of the same store on February 22, 1977. The prosecutor argues that this evidence is admissible because the identity of the robber was in issue and this testimony tended to support the witness's identification of the defendant by showing that she had another opportunity to observe the defendant under similar circumstances.

The general rule is that evidence of a distinct, unrelated crime is not admissible in a trial of a defendant charged with the commission of a different criminal offense. There are, however, several well accepted exceptions to this general rule, see

MCL 768.27; MSA 28.1050. One common law exception to this rule is when the evidence offered tends to prove the identity of the person who committed the crime for which defendant is on trial, *People v Spillman,* 399 Mich 313; 249 NW2d 73 (1976), see also, *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978).

In *Spillman, supra,* a proprietor of a bar was assaulted by armed men and his car was driven away. This incident took place while the proprietor was attempting to enter his automobile after closing his bar. At defendant's trial, over objection, the proprietor testified that he had also observed the defendant in his bar approximately two weeks before the date in question while the defendant was in the process of perpetrating another armed robbery. On appeal, the Supreme Court reinstated defendant's conviction stating:

"We believe that the disputed evidence fits within this common law exception to the general rule. The prior viewing of the defendant wearing the same coat, holding the same handgun, occurring under similar circumstances, tends to make this witness' identification of defendant more credible." *Spillman, supra,* at 320.

In the instant case, the identity of the robber was also in issue. The witness's viewing of the defendant during a robbery approximately one month before this robbery, in the same store under similar circumstances, tends to make this witness's identification of the defendant more credible. Although the introduction of this testimony may have a prejudicial effect, the trial court did not err reversibly in finding that the probative value of this evidence outweighed its prejudicial

effect and in allowing this testimony into evidence,
*Spillman, supra.*

Defendant also claims that reversal is required
because the prosecutor failed to produce two res
gestae witnesses for trial as required by MCL
767.40; MSA 28.980. Defendant contends that the
prosecutor should have produced George Isaac who
was not present at the commission of the offense
but who had relayed information to the police
which implicated defendant in this crime. Defend-
ant also claims that the prosecutor failed to exer-
cise due diligence in attempting to locate and
produce an unidentified customer who had entered
the store just as, or immediately after, the robbers
fled the store. At trial, a hearing was held on these
issues. The trial judge found that Isaac was not a
res gestae witness since he was not present during
the commission of the crime. The trial judge also
found that the production of this witness was
excused because the prosecutor, after exercising
due diligence, was unable to locate and produce
him. The trial judge found that the production of
the customer was excused because his identity was
unknown and the prosecutor had no means by
which to locate him.

The mandatory requirements for indorsement
and production in MCL 767.40; MSA 28.980, apply
only to res gestae witnesses, see *People v Rimson,*
63 Mich App 1; 233 NW2d 867 (1975), *People v
Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).
"A res gestae witness is one who was an
eyewitness to some event in the continuum of a
criminal transaction and whose testimony will aid
in developing a full disclosure of the facts sur-
rounding the alleged commission of the charged
offense." *People v Hadley,* 67 Mich App 688, 690;
242 NW2d 32 (1976). A res gestae witness has also

been defined as "a witness whose testimony is reasonably necessary to protect the defendant against a false accusation". *Harrison, supra,* at 591. The failure to produce a res gestae witness may be excused where the prosecutor makes a showing of due diligence in searching for the witness, *People v Gibson,* 253 Mich 476; 235 NW 225 (1931), *Rimson, supra.* The determination of whether due diligence has been shown is entrusted to the discretion of the trial court and will be overturned on appeal only where a clear abuse of discretion is shown, *Rimson, supra.*

Even under the more liberal definition of a res gestae witness, Isaac was not a res gestae witness. He was not an eyewitness to the crime. He was not present at the commission of the crime. From the transcript, it appears that his only involvement in this case was that he received a tip or incriminating information from some unidentified source which implicated the defendant in this crime and he relayed this information to the police. Therefore, it appears that Isaac had no independent personal knowledge of any part of the criminal transaction. The trial judge did not err in finding that Isaac was not a res gestae witness, see, *People v Douglas,* 52 Mich App 224; 216 NW2d 920 (1974).

In any event, the trial court did not abuse its discretion in finding that the prosecutor exercised due diligence in attempting to produce this witness for trial. The prosecutor contacted Isaac's parents and discovered that he moved to somewhere in California, had no address where he could be contacted, was living in a van and was not expected to return until October, see *People v Blacksmith,* 66 Mich App 216; 238 NW2d 810 (1975), *People v Douglas,* 65 Mich App 107; 237 NW2d 204 (1975).

The failure to produce the customer is excused because his identity is unknown. The only lead the prosecutor uncovered on this witness's identity was that an employee of the store stated that he might recognize this customer · upon seeing him again but that he did not know the customer's identity or how to locate him. The trial judge did not abuse his discretion in finding that the prosecutor had exercised due diligence in attempting to locate and produce this witness, see, *People v Mack,* 64 Mich App 587; 236 NW2d 523 (1975).

Defendant also claims that it is a violation of double jeopardy, US Const, Am V, Const 1963, art 1, § 15, to convict him of both armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), as a result of one criminal transaction. For the reasons stated in Judge BEASLEY's opinion in *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), we conclude that these convictions did not violate the double jeopardy clause.

Affirmed.

CYNAR, J., concurred.

BASHARA, J. *(concurring in part, dissenting in part).* I am in complete agreement with Chief Judge DANHOF's opinion except as to the application of the felony-firearm statute. By virtue of *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978), and *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), I would vacate the conviction for felony-firearm but uphold the sentence imposed therefor.