PEOPLE *v* GARCIA

1. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—NONPRODUCTION
   —DUE DILIGENCE.
   A showing of due diligence in attempting to produce a witness
   indorsed on the information by the prosecution will allow
   the trial court to excuse the prosecutor from production of
   that witness at trial.

2. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—NONPRODUCTION
   —DUE DILIGENCE.
   Excusing the production by the prosecution at trial of a wit-
   ness indorsed on the information did not constitute reversible
   abuse of discretion where the witness could not be found,
   defense counsel admitted that the officer-server had been dil-
   igent, and an attempt to serve the witness one week before
   trial, which had been ordered by a Federal district court, was
   not unreasonable in that the prosecutor had received notice
   only nine days before trial.

3. CRIMINAL LAW—DOUBLE JEOPARDY—PLEA OF GUILTY—VACATED
   PLEA.
   The trial of the defendant for manslaughter after the trial
   court had vacated its earlier acceptance of defendant's plea
   of guilty of manslaughter did not violate defendant's consti-
   tutional right against double jeopardy because when the trial
   court vacated the plea, the posture of the case was as before
   arraignment.

4. CRIMINAL LAW—RIGHT TO COUNSEL—APPOINTED COUNSEL—DIS-
   CHARGE OF COUNSEL—CHOICE OF COUNSEL.
   Denial of an indigent defendant's *in propria persona* motion for
   dismissal of his court-appointed counsel did not deny defend-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  58 Am Jur, Witnesses §§ 3, 8.
[3]  21 Am Jur 2d, Criminal Law §§ 165, 166.
[4]  21 Am Jur 2d, Criminal Law § 321.

ant his constitutional right to counsel where the motion gave no concise or concrete reasons for requesting a new attorney, but only gave reasons of lack of confidence and alleged attorney disinterest.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 February 3, 1972, at Grand Rapids. (Docket No. 10257.) Decided February 28, 1972.

Anastacio Garcia, Jr., was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *Michael J. Tummino,* Assistant Prosecuting Attorney, for the people.

*Patrick M. Muldoon,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. The setting and most of the preliminary facts leading to this appeal are contained in *People v Garcia,* 19 Mich App 465, 466 (1969):

"Bert Crandall was shot and killed in a Grand Rapids bar. Defendant Anastacio Garcia, Jr., was arraigned on an open charge of murder (MCLA § 767.71 [Stat Ann 1954 Rev § 28.1011]); he stood mute, and a plea of not guilty was entered. At a rearraignment he pled guilty to the lesser included offense of manslaughter and subsequently was sentenced to 7-1/2 to 15 years in prison. Later, on defendant's motion, the plea was vacated and a trial ordered for the reason that because of language difficulties Garcia was not fully aware of his constitutional rights when he made the plea of guilty. He

was tried by jury on the open charge of murder, found guilty of second-degree murder, and sentenced to prison for 10 to 25 years."

The above sentence was imposed on May 1, 1968. A second *de novo* trial was commenced on July 20, 1970, pursuant to an order of the United States District Court, based upon its interpretation of *Mullreed* v *Kropp,* 425 F2d 1095 (CA6, 1970). Defendant was charged with manslaughter, MCLA 750.321; MSA 28.553. He was convicted of the crime charged by jury and sentenced to from 7-1/2 to 15 years.

On appeal, defendant raises the following issues:

1. Was it error for the circuit court to submit the issue of defendant's guilt to the jury when the prosecution did not produce an indorsed *res gestae* witness?

2. Was the trial of the defendant for manslaughter after the trial court had vacated its earlier acceptance of a plea of guilty a violation of defendant's State and Federal right not to be placed in jeopardy more than once for the offense?

3. Was defendant denied the right to counsel by the circuit court's denial of defendant's *in propria persona* request that his appointed counsel be dismissed?

A showing of due diligence in attempting to produce a witness indorsed on the information will excuse the prosecutor from production of the witness at trial. *People* v *Barker,* 18 Mich App 544 (1969); *People* v *Lewis,* 25 Mich App 132 (1970). This question of due diligence is a matter within the discretion of the trial court, subject to being overturned on appeal only for clear abuse. *People* v *Costea,* 19 Mich App 166 (1969); *People* v *Tubbs,* 22 Mich App 549 (1970); *People* v *Alexander,* 26 Mich App 321 (1970); *People* v *Roland Robinson,* 30 Mich App 372 (1971).

Witness Larry Hall could not be found. Defense counsel admitted that the officer-server had been diligent. Prosecutor notice was received sometime after issuance of the district court order on June 11, 1970. Under these circumstances, to attempt service a week before the scheduled date for trial on June 20, 1970, is not unreasonable. The instant record discloses no reversible abuse of discretion.

The double jeopardy question: Does defendant's plea acceptance and sentencing for manslaughter operate as a bar to a later charge and prosecution for the same offense? (Plea to manslaughter; second trial charge, manslaughter)

The governing rule is stated in the first case of *People* v *Garcia,* 19 Mich App 465, 467 (1969), and affirmed in *People* v *Harper,* 32 Mich App 73, 79 (1971):

"When the trial court vacated defendant's plea, the posture of the case was as before rearraignment, a plea of not guilty to an open charge of murder."

The defense of double jeopardy does not apply and defendant's claim is without merit.

Defendant admits that his attorney saw him at Marquette Prison on July 3, 1970, two days after his court appointment, at which time he consulted with the defendant regarding the offense. Thereafter, defendant refused to see his attorney and the attorney did not discuss the case further with the defendant. An *in propria persona* motion for dismissal was filed on July 8, 1970, trial began on July 20, 1970.

A review of the motion to dismiss reveals no concise or concrete reasons for requesting a new attorney. Lack of confidence and an allegation of attorney disinterest is insufficient.

"In our system under which we attempt to furnish indigent defendants with counsel at public expense, we cannot paralyze a docket by permitting a defendant to run a gamut of choice until some given attorney accords with his view of what is 'competent' counsel." *People* v *Henderson,* 30 Mich App 675, 680 (1971).

We agree with the trial judge's discretionary denial of defendant's motion for new counsel. Affirmed.