PEOPLE v LEWIS

1. CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER.

A defendant, by inquiring whether it was possible to obtain an attorney in the early morning hours prior to his questioning by police, sufficiently indicated a desire to consult an attorney before speaking and the police had no right to question him even though he subsequently stated "forget it" after being informed that an attorney was not available, because when a defendant indicates in any manner that he wishes to consult with an attorney before speaking there can be no questioning; defendant's subsequent statement to "forget it" did not constitute a voluntary, knowing and intelligent waiver of the right to counsel under the circumstances.

2. CRIMINAL LAW—RIGHT TO COUNSEL—INCULPATORY STATEMENTS.

Failure to obtain counsel for a defendant after a sufficient request therefore operated to deny the defendant his right to counsel and rendered an inculpatory statement made by the defendant involuntary; therefore, it was reversible error for the trial court to admit the statement into evidence at trial.

3. CRIMINAL LAW—WITNESSES—ACCOMPLICES—IMPEACHMENT.

An accomplice once indorsed on the information by the prosecution may not be impeached by the prosecution by the use of his prior inconsistent statements.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 3, 1973, at Grand Rapids. (Docket No. 14345.) Decided May 24, 1973.

Robert W. Lewis was convicted of breaking and entering with intent to commit a larceny. Defendant appeals. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 316, 317.
[2] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[3] 21 Am Jur 2d, Criminal Law §§ 343, 344.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Joseph J. Jerkins,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

T. M. BURNS, J. Defendant was convicted by a jury of breaking and entering with intent to commit a larceny. MCLA 750.110; MSA 28.305. He was sentenced to from 1-1/2 to 10 years imprisonment and appeals.

At approximately 2 a.m. on September 18, 1971, the defendant was arrested at the scene of a breaking and entering. Defendant was 17 years old and had a tenth grade education. He was conveyed to the State Police post in Paw Paw, Michigan, where after an hour and a half of questioning, he signed an inculpatory statement at 6:30 a.m.

Prior to trial, defense counsel moved to have the statement suppressed from evidence. A *Walker* hearing was held to determine the voluntariness of the statement. At the hearing defendant took the stand and testified that before the interrogation began he was advised of his constitutional rights, that he asked the officers whether it was possible to obtain an attorney at that hour and that the officers replied it was not possible. Defendant then told the officers to "forget it" and the questioning began. Two police officers who were present when defendant was questioned testified that defendant did not request the assistance of an attorney at any time.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

After considering the evidence presented at the *Walker* hearing, the trial court found that:

"The evidence discloses, there is no question about it, that the defendant was again given all of his constitutional rights. There is no claim that he didn't understand what his rights were. He asked if it were possible to get an attorney at that time, and when told he could not, he said, 'Forget it', and went ahead with the statement which certainly indicates a clear waiver of the right to have an attorney present at the time."

Accordingly, the trial court denied defendant's motion to suppress the statement from evidence.[1] The statement was subsequently admitted into evidence at trial.

In *Miranda v Arizona,* 384 US 436, 444–445; 86 S Ct 1602, 1612; 16 L Ed 2d 694, 706–707 (1966), the United States Supreme Court held that where, as here, a person has been taken into custody:

"Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."

The Court continued more particularly with respect to the right to counsel:

"The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he *indicates in any manner* and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning." (Emphasis supplied.)

Applying the doctrine of *Miranda* to the case at hand, it is readily apparent that the defendant, by inquiring as to whether it was possible to obtain an attorney at that early hour, sufficiently indi-

---

[1] The trial court did suppress those portions of the statement referring to the possession of marijuana since the charge was dismissed.

cated a desire to consult an attorney before speaking. We are not unmindful that the police may have acted innocently by stating that an attorney was not available at that time of the day. Nonetheless, the police were not free to ignore the letter and spirit of *Miranda,* and the questioning should have ceased until such time as counsel could have been secured on behalf of the defendant. It was only after the defendant was told counsel could not be obtained that he told the officers to "forget it" and began to answer the questions which lead to his incriminating statement. It is our opinion that under these circumstances defendant's statement to "forget it" did not constitute a voluntary, knowing, and intelligent waiver of the right to counsel.

In view of the foregoing, we hold that the failure to obtain counsel for the defendant after a sufficient request therefor operated to deny the defendant his right to counsel and clearly rendered the inculpatory statement involuntary. Therefore, it was reversible error to admit the statement into evidence at trial.

In addition an accomplice, whose name was indorsed on the information, was called to the stand by the prosecution. Over objection by defense counsel, a confession of the accomplice was admitted into evidence and used by the prosecutor to impeach the witness by showing prior inconsistent statements. This was error.

Although the prosecutor is not required to indorse the name of an accomplice on the information, we have held that once an accomplice is so indorsed, the accomplice may not be impeached by prior inconsistent statements. *People v Fidel,* 37 Mich App 338 (1971).

For the reasons delineated above, defendant's conviction is reversed and this case is remanded for a new trial.