PEOPLE v MOSLEY

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—APPEAL AND ERROR.

   The Court of Appeals, in reviewing the voluntariness of a confession made to police during interrogation after arrest, is required to examine the entire record and make an independent determination on the issue of voluntariness.

2. CRIMINAL LAW—INTERROGATION—RIGHT TO REMAIN SILENT.

   An interrogation of an individual must cease where once his *Miranda* warnings are given the individual indicates in any manner at any time prior to or during questioning that he wishes to remain silent.

3. CRIMINAL LAW—RIGHT TO REMAIN SILENT—ELECTION OF RIGHT—INTERROGATION.

   An individual's Fifth Amendment right and election to remain silent cannot be circumvented by the simple expedient practice of shuttling the individual from one police officer to another for purposes of questioning and thus justifying subsequent interrogation after he has once made his election to remain silent; further questioning of a defendant by another police officer after he had indicated to another officer that he wishes to remain silent, without the defendant's being removed in time or place from the surroundings of the first interrogation, is a practice that is not permitted.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 October 5, 1973, at Detroit. (Docket No. 14318.) Decided January 14, 1974. Leave to appeal denied, 392 Mich —.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 529, 531, 537, 542–554, 582, 584, 585, 590.

Admissibility of pretrial confession in criminal case—Supreme Court cases. 12 L Ed 2d 1340.

[2, 3] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

Richard Bert Mosley was convicted of first-degree murder. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and WALSH,* JJ.

DANHOF, P. J. Defendant was charged in a one-count information with the offense of murder in the first-degree committed during the perpetration of a robbery. MCLA 750.316; MSA 28.548. From a jury verdict of guilty as charged, and from a mandatory sentence of life imprisonment, defendant appeals. We are compelled to reverse.

Of the many issues raised by defendant on appeal, we find one dispositive. Prior to trial, defendant moved to suppress as evidence in the case a statement taken by police from defendant on the date of his arrest. This statement was reduced to writing and signed by defendant. The statement thoroughly implicates defendant in the death of one Leroy Williams. An evidentiary hearing was had and defendant's motion to suppress was denied. At trial, the statement was admitted into evidence and read to the jury.

By *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), we are required to examine the entire record and make an independent determination on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the issue of voluntariness. Our review of the record of the *Walker*[1] hearing in the instant case reveals that defendant was arrested by Detroit police officers without a warrant at approximately 1:05 p.m. on April 8, 1971. At approximately 2:15 p.m., Officer James Cowie began questioning defendant on possible involvement in a series of robberies that had occurred on the city's lower east side. The testimony of Cowie reveals that defendant was informed of his rights in conformity with *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). According to Cowie, defendant did not request counsel, but did decline to answer "any questions about the robberies". Thereafter the interrogation of defendant ceased for a time and defendant was handed over to Sergeant Gilbert Hill for further questioning.

Sergeant Hill testified that defendant was again informed of his rights, but that defendant did not request counsel. Hill questioned defendant on his involvement in the robbery-murder of Leroy Williams and defendant denied being implicated. However, when confronted with the statement of an accomplice implicating defendant, defendant confessed at approximately 6:30 p.m. on April 8, 1971.

When defendant declined to answer Cowie's questions, thus indicating that he wished to exercise his Fifth Amendment right to remain silent, the interrogation should have ceased:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked." *Miranda, supra,* 384 US at 473–474; 86 S Ct at 1627–1628; 16 L Ed 2d at 723.

In referring to the above language at the *Walker* hearing, defense counsel argued that *Miranda* cannot be circumvented by the simple expedient of shuttling a person from one police officer to another for purposes of questioning and thus justifying subsequent interrogations after an election to remain silent. We agree.

The people argue that defendant was arrested initially for unrelated crimes and that he was not questioned by Officer Cowie on the death of Leroy Williams. This may be true, although Cowie testified that defendant was arrested following an anonymous phone call which specifically implicated him in the death of Leroy Williams as well as other robberies. The fact remains that prior to arraignment, *and without being removed in time or place* from the surroundings of Cowie's interrogation, defendant was questioned further by Sergeant Hill after defendant had indicated to Cowie that he wished to remain silent. That this practice is not permitted is made clear by the companion case in *Miranda, Westover v United States,* 384 US at 494; 86 S Ct at 1638; 16 L Ed 2d at 735.

Reversed and remanded for new trial with instructions that defendant's confession be suppressed as evidence.

All concurred.