PEOPLE v CORNELL HARRIS

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —FAILURE TO PRODUCE—DILIGENCE.

   Every failure to indorse a res gestae witness and every failure to
   exercise due diligence to produce an indorsed witness does not,
   require reversal of a conviction.

2. WITNESSES—CRIMINAL LAW—FAILURE TO PRODUCE—CUMULATIVE
   TESTIMONY—HARMLESS ERROR.

   Failure of the prosecution to produce two indorsed witnesses was
   harmless error where their testimony would have been merely
   cumulative of that which was given by other witnesses.

3. WITNESSES—CRIMINAL LAW—FAILURE TO PRODUCE—DILIGENCE.

   Failure of the prosecution to use due diligence to produce an
   indorsed witness whose testimony would have been definitely
   favorable to a defendant is reversible error.

Appeal from Recorder's Court of Detroit, James
Del Rio, J. Submitted Division 1 June 27, 1974, at
Detroit. (Docket No. 18540.) Decided October 22,
1974.

Cornell Harris was convicted of armed robbery
and rape. Defendant appeals. The conviction of
armed robbery is affirmed, the conviction of rape is
reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 186.

Presumption or inference from party's failure to produce witnesses
within his control, as affected by his introduction of some evi-
dence on the matter in question. 135 ALR 1376.

Chief, Appellate Department, and *Michael O. Lang,* Assistant Prosecuting Attorney, for the people.

*Townsend & Bibb,* for defendant.

Before: Bashara, P. J., and Danhof and Churchill,* JJ.

Churchill, J. The defendant was convicted by a jury of robbery armed, MCLA 750.529; MSA 28.797, and rape, MCLA 750.520; MSA 28.788. He was sentenced to concurrent terms of 10 to 20 years and appeals as of right.

The victim's version of the transaction may be summarized as follows. She was a married woman. As she was entering her automobile in a Sears' parking lot at Gratiot and Van Dyke she was accosted by a man with a gun. This man, and another man, entered her car and ordered her to drive away. The second man removed money and credit cards from her wallet. The first man then forced his hand into her bra where he found a $10 bill, which he took. He also forced her to submit to a search for money between her legs. He then required her to stop the vehicle and took the keys from her which he threw on the floor. The men left. Before she could locate the keys the man with the gun returned and led her to an empty back yard where he raped her. He then threw down the keys and ran.

The victim identified the defendant at the trial as the man with the gun and the man who raped her. The defendant produced alibi witnesses. The identification question was for the jury.

The prosecutor failed to produce three indorsed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

witnesses, John Jasper, Robert Coulter, and Robert Kenny. There was no showing of due diligence to produce any of them.

John Jasper was the police partner of Henry Williams when they arrested the defendant some eight months after the occurrence on a totally unrelated charge. Officer Williams gave no testimony bearing on the guilt or innocence of the defendant on the charges of armed robbery or rape. It is clear that Jasper's testimony would be merely cumulative.

Robert Kenny was an employee of the Identification Bureau whose testimony would apparently have been cumulative of the testimony of Officer Roger Thom who did testify and whose testimony was not significant.

In his instructions the trial judge told the jury that the people had failed to produce three witnesses, and that if they had been produced, " * * * their testimony would have been unfavorable to the People and favorable to the Defendant".

It is the clear trend of appellate authority in Michigan that every failure to indorse a res gestae witness and that every failure to exercise due diligence to produce an indorsed witness does not require reversal. *People v Romano,* 35 Mich App 135; 192 NW2d 271 (1971); *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973); *lv granted,* 390 Mich 772 (1973); *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973); *People v James,* 51 Mich App 777; 216 NW2d 473 (1974). In our opinion the failure of the prosecution to produce Jasper and Kenny was harmless error.

The failure of the prosecution to produce officer Robert Coulter, however, is the other side of the coin.

The victim's slip was admitted in evidence over

objection, after identification by her. It contained stains which she testified were not there before the incident. At the time of the defendant's motion for a mistrial at the conclusion of the peoples proofs, the prosecution admitted that scientific tests by Coulter did not disclose the stain to have been caused by semen or seminal fluid.

The testimony of Coulter would have been definitely favorable to the defendant on the rape issue. The prosecution's failure to use diligence to produce him was reversible error.

The defendant's other claims of error have been considered carefully, do not require reversal and need not be discussed.

The defendant's conviction of rape is reversed and remanded for a new trial.

The defendant's conviction of robbery armed is affirmed.

All concurred.