PEOPLE v HARRINGER

1. WITNESSES—CRIMINAL LAW—PRELIMINARY EXAMINATION—TESTI-
   MONY—RES GESTAE WITNESSES—DUTY TO PRODUCE—PROSECU-
   TOR—DUE DILIGENCE—ABUSE OF DISCRETION.

   Preliminary examination testimony of a res gestae witness not
   produced at trial may be used at trial where the prosecution
   shows due diligence in its efforts to produce the witness; the
   question of due diligence is a matter within the discretion of
   the trial court and will be overturned on appeal only where an
   abuse of discretion is found.

2. WITNESSES—CRIMINAL LAW—PRELIMINARY EXAMINATION—DUE
   DILIGENCE—RES GESTAE WITNESSES.

   The prosecution submitted sufficient evidence of due diligence to
   permit the use at trial of the preliminary examination testi-
   mony of a res gestae witness who was not produced at trial
   where the witnesses had previously appeared, where the trial
   was adjourned and the prosecutor's motion to require the
   witness to post bail or be held in jail was denied, and where a
   deputy sheriff testified that he had served the witness with a
   subpoena the previous Friday and she had said she would be in
   court on Tuesday, he had given her telephone numbers where
   he could be reached, she had given him her address at a motel
   and also gave him a telephone number where she could be
   reached if she was not at the motel, on Tuesday morning the
   motel was contacted by telephone, the owner stated that the
   witness had departed Sunday evening, leaving some clothes
   behind, and the deputy called the telephone number the wit-
   ness had given him but there was no answer.

**Appeal from Berrien, William S. White, J. Sub-
mitted October 16, 1975, at Grand Rapids. (Docket
No. 22297.) Decided November 14, 1975.**

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 708 *et seq.*
  81 Am Jur 2d, Witnesses §§ 117, 168, 324, 481.

Johnnie Harringer was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Mowitt S. Drew,* for defendant.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was convicted in a jury trial of assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279. He was sentenced to 5 to 10 years in prison. After his motion for a new trial was denied, he appealed.

The sole issue raised on appeal is whether the prosecution submitted sufficient evidence of due diligence to permit the use at trial of the preliminary examination testimony of a res gestae witness who was not produced at trial.

Preliminary examination testimony of a res gestae witness not produced at trial may be used at trial where the prosecution shows due diligence in its efforts to produce the witness. *People v McIntosh,* 389 Mich 82; 204 NW2d 135 (1973), *People v Hunter,* 48 Mich App 497; 210 NW2d 884 (1973). As with the prosecution's duty to produce res gestae witnesses at trial generally (see *e.g. People v Smith,* 59 Mich App 25; 228 NW2d 826 [1975]), the question of due diligence is a matter within the discretion of the trial court and will be overturned on appeal only where an abuse of discretion is found. *People v McIntosh, supra, People v Hunter, supra.*

In the present case Linda Hamel was subpoenaed and produced at preliminary examination, where she testified. She was subpoenaed and produced at trial on a Friday morning. The trial, however, was adjourned until the following Tuesday, due to a death in the family of one of the jurors. The prosecution moved that the court find Hamel to be a material witness and require her to post bail or be held in jail, pursuant to MCLA 767.35; MSA 28.975, because she had no permanent place of residence and because she had received certain threatening phone calls. The trial court at first granted the motion. After allowing Ms. Hamel an opportunity to be heard, however, the court changed its decision and denied the motion. Hamel stated that she was living at the Gold Star Motel in Berrien Springs and that she had two small children sick with chicken pox. The court reminded Hamel that she was still under subpoena and received her assurance that she would be in court to testify on Tuesday.

On Tuesday morning Hamel did not show in court. The prosecution moved to read into evidence her testimony at preliminary examination. MCLA 768.26; MSA 28.1049. Before ruling on the motion, the court required the prosecution to present testimony as to what efforts were made to locate Hamel that morning. A deputy sheriff testified that he had served Hamel with a subpoena the previous Friday and that she had said she would be in court on Tuesday. He had given her telephone numbers where he could be reached. She had given him her address at the motel and also gave him a telephone number where she could be reached if she was not at the motel. On Tuesday morning the motel was contacted by telephone. The owner stated that Hamel had departed Sun-

day evening, leaving some clothes behind. The deputy called the telephone number Hamel had given him but there was no answer. The court then allowed the prosecution to use Hamel's preliminary examination testimony.

Under these circumstances, we find that it was not an abuse of discretion for the trial court to find due diligence on the part of the prosecution in the efforts that were made to produce Hamel. *People v McIntosh, supra.* Furthermore, we note that defense counsel did not object to the admission of the preliminary examination testimony, that defense counsel had the opportunity to cross-examine Hamel at preliminary examination, and that Hamel's testimony with regard to defendant was only that he was present and that he had a gun. She left the room before the assault for which the defendant was convicted took place.

Affirmed.