## PEOPLE v MOSLEY (AFTER REMAND)

Docket No. 59171. Decided June 2, 1977. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the decision of the Court of Appeals. Certiorari denied by the Supreme Court of the United States October 3, 1977.

Robert B. Mosley was convicted of first-degree murder. The Court of Appeals, Danhof, P. J., and Fitzgerald and D. F. Walsh, JJ., reversed and remanded for a new trial (Docket No. 14318), 51 Mich App 105; 214 NW2d 564 (1974), and leave to appeal was denied. The United States Supreme Court vacated the decision of the Court of Appeals and remanded the case for further consideration, *Michigan v Mosley,* 423 US 96; 96 S Ct 321; 46 L Ed 2d 313 (1975). On remand the Court of Appeals, Danhof, C. J., and D. F. Walsh, J. (R. M. Maher, J., concurring in part, dissenting in part), reversed the defendant's conviction and granted a new trial on the ground that the trial court improperly announced to the jury its finding that as a matter of law a confession by the defendant to the police was voluntary. Defendant applies for leave to appeal, asserting that there was no probable cause for his arrest and that the confession was the result of the illegal arrest. *Held:*

Defendant's arrest was based on an anonymous tip which did not verify itself and was not corroborated by other evidence providing a basis for a reasonable belief that the defendant had committed the crime. The record discloses that the people failed to sustain the burden of showing that the confession taken at the police station was free of the primary taint of the illegal arrest. Admission into evidence of the confession was reversible error.

The judgment of the Court of Appeals is affirmed and the case is remanded for a new trial.

72 Mich App 289; 249 NW2d 393 (1976) affirmed on other grounds.

CRIMINAL LAW—ILLEGAL ARREST—CONFESSION—EVIDENCE—ADMISSIBILITY.

Admission into evidence of a defendant's confession to police after

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 546.

his arrest was reversible error where the defendant's arrest was based on an anonymous tip which did not verify itself and was not corroborated by other evidence providing a basis for reasonable belief that the defendant had committed the crime and the people failed to sustain the burden of showing that the confession was free of the primary taint of the illegal arrest.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

PER CURIAM. On April 5, 1972, the defendant was found guilty by a jury on one count of felony murder in violation of MCLA 750.316; MSA 28.548. The Court of Appeals reversed defendant's conviction, finding that defendant's confession had been obtained in violation of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). *People v Mosley,* 51 Mich App 105; 214 NW2d 564 (1974), leave to appeal denied 392 Mich 764 (1974). Upon grant of the people's application for writ of certiorari, the United States Supreme Court vacated that holding and remanded the case for further consideration. *Michigan v Mosley,* 423 US 96; 96 S Ct 321; 46 L Ed 2d 313 (1975).

The Court of Appeals reversed defendant's conviction and granted a new trial because the trial court improperly announced to the jury its finding that as a matter of law defendant's confession to the police was voluntary. The Court of Appeals refused to hold the defendant's arrest was illegal and that defendant's confession was a direct result of that illegal arrest. *People v Mosley (On Remand),* 72 Mich App 289; 249 NW2d 393 (1976).

Defendant has filed an application for leave to appeal arguing that the police lacked probable cause to arrest him and that admission into evidence of his confession was error.

Defendant's arrest was based on an anonymous tip which did not verify itself. *Cf. Draper v United States,* 358 US 307; 79 S Ct 329; 3 L Ed 2d 327 (1959). The tip was not corroborated by other evidence providing a basis for a reasonable belief that defendant had committed the crime.

Defendant was taken to the police station immediately after his arrest and interrogated by the arresting police officer. A couple of hours later he was turned over to a homicide detective who interrogated defendant about the crime. Eventually defendant confessed. The record of the testimony taken at defendant's *Walker* hearing (see *People v Walker [On Rehearing],* 374 Mich 331; 132 NW2d 87 [1965]), discloses that the police lacked probable cause to arrest defendant and that the people failed to sustain the burden of showing that the confession was free of the primary taint of defendant's illegal arrest. *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975). Admission into evidence of defendant's confession was error.

Pursuant to GCR 1963, 853.2(4), we affirm the judgment of the Court of Appeals reversing defendant's conviction and remanding the matter to the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, RYAN, and BLAIR MOODY, JR., JJ., concurred.

FITZGERALD, J., took no part in the decision of this case.