## PEOPLE v FIORINI

Docket No. 77-695. Submitted June 23, 1978, at Detroit.—Decided August 21, 1978.

Americo J. Fiorini was convicted in Wayne Circuit Court, James Montante, J., of armed robbery. Defendant appeals, making several claims of error. *Held:*

1. Refusal of the trial court to give a requested instruction on alibi was not error where the defendant had presented no evidence in support of an alibi.

2. The trial court's instructions to the jury, when read as a whole, set forth the proper standard of proof necessary to find the defendant guilty, even though a portion of those instructions was ambiguous.

3. The trial court should not have submitted to the jury the issue of nonproduction of a res gestae witness because there was insufficient evidence to permit a finding that the prosecutor used due diligence in attempting to produce the witness or that the witness's testimony would have been cumulative.

4. An instruction that the jury was entitled to infer that the testimony of a witness whom the prosecution failed to produce would have been unfavorable to the prosecution was not sufficient to cure the error where it cannot be said with certainty that the missing testimony would not have been favorable to the defendant.

5. The defendant's motion for a new trial, which alleged the failure of the prosecution to indorse and produce res gestae witnesses, was erroneously denied in the absence of a hearing

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 729–737.
[2] 75 Am Jur 2d, Trial § 756.
[3] 29 Am Jur 2d, Evidence §§ 708, 713.
[4–7] 29 Am Jur 2d, Evidence §§ 180–187.
[5] 75 Am Jur 2d, Trial § 771.
[6] 41 Am Jur 2d, Indictment and Information §§ 56, 60.
   58 Am Jur 2d, New Trial § 41.
[8] 75 Am Jur 2d, Trial § 119.

to determine whether the prosecutor exercised due diligence or whether the witnesses' testimony was likely to be cumulative.

6. The nonindorsement and nonproduction of res gestae witnesses was harmless error because of the overwhelming evidence against the defendant.

7. The trial court's remark during a ruling on a motion that the court was willing to make a record for the reviewing court was not prejudicial to the defendant where the court promptly cured the error.

Affirmed.

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI—EVIDENCE.

An instruction to the jury on alibi generally must be given if requested; however, a trial court should not give instructions not supported by the evidence, and therefore a trial court did not err by refusing a defendant's request for an instruction on alibi where the defendant presented no evidence in support of an alibi.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—AMBIGUOUS INSTRUCTIONS —STANDARD OF PROOF.

A trial court's instructions to the jury were not erroneous where, although a portion of the instructions was ambiguous as to the standard of proof required to find a defendant guilty, the instructions as a whole clearly stated the proper standard of proof: that the defendant must be proven guilty beyond a reasonable doubt.

3. CRIMINAL LAW—PROSECUTOR'S DUTY—WITNESSES—RES GESTAE WITNESSES—DUE DILIGENCE.

A prosecutor is required to indorse only those res gestae witnesses known to him at the time of filing an information; however, he is required to exercise due diligence in seeking to ascertain the identities of any witnesses.

4. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE WITNESS.

A trial court erred in submitting the issue of nonproduction of a res gestae witness to the jury where there was not sufficient evidence to permit a jury to find that the prosecution used due diligence in attempting to produce the witness or that the witness's testimony would be cumulative.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—RES GESTAE WITNESSES— FAILURE TO INDORSE AND PRODUCE.

An instruction to the jury that they are entitled to infer that the

testimony of a nonproduced res gestae witness would be unfavorable to the prosecution is not sufficient to cure the prosecutor's failure to indorse and produce the witness where it cannot be said with certainty that the witness's testimony would not have been favorable to the defendant.

6. Criminal Law—New Trial—Witnesses—Res Gestae Witnesses.
   Denial of a defendant's motion for a new trial, where defendant alleged failure of the prosecutor to indorse and produce res gestae witnesses, is error absent a hearing to determine whether the prosecutor exercised due diligence or whether the witnesses' testimony was likely to be cumulative.

7. Witnesses—Criminal Law—Res Gestae Witnesses—Harmless Error.
   The nonindorsement and nonproduction of res gestae witnesses was harmless error, and reversal of a defendant's conviction is not required, where the evidence against the defendant was so overwhelming that aside from the taint of the error all reasonable jurors would find guilt beyond a reasonable doubt.

8. Criminal Law—Appeal and Error—Remarks of Court—Prejudice.
   Matters of appeal are not proper questions to be presented before a jury; however, a trial judge's statement made during a ruling on a motion that the court was willing to make a record for the reviewing court was not prejudicial to the defendant where the court promptly ordered the remark stricken, ordered the jury to disregard it, and later carefully instructed the jury on their duty and on the differing responsibilities of judge and jury.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

PER CURIAM. Defendant was arrested and charged with armed robbery, MCL 750.529; MSA 28.797. He was convicted by jury trial on December 17, 1976, and later sentenced to life imprisonment.

On May 20, 1976, Cook's Pharmacy in Redford Township was robbed. An armed robber, disguised, robbed the pharmacy of money and drugs. An employee followed the robber in his car to a motel a short distance away and then notified police. When the police arrived they proceeded to the room the suspect had entered. Through the window they observed defendant stacking money on the dresser and they saw several pill bottles on the bed. An officer then arrested defendant and confiscated the pills, the money, and several items bearing the name Cook's Pharmacy. Defendant appeals his conviction as of right.

Defendant makes several claims of error. He argues that the trial court erred in refusing his request to instruct the jury on alibi. We find no error.

It is true that in *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975), the Supreme Court stated that if requested an alibi instruction must be given. But the present case differs from *Burden.* There was at least some testimony given in *Burden* which supported an alibi defense, if believed by the jury. In the instant case no evidence of an alibi defense was given. Although defendant does not have the burden of proof on the alibi issue, he has the burden of producing at least some evidence in support of his claim of alibi, possibly

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sufficient evidence to raise a reasonable doubt. *People v Marvill,* 236 Mich 595; 211 NW 23 (1926). Defendant here presented no proper evidence in support of an alibi, not even his own testimony.[1]

Those cases dealing with the defense of insanity provide an apt analogy. Just as one must do more than merely assert an insanity defense to become entitled to a jury determination, *People v Livingston,* 57 Mich App 726; 226 NW2d 704 (1975), so one must present some evidence of an alibi defense beyond its mere assertion. The court should not give instructions not supported by the evidence. *People v Dembinski,* 62 Mich App 583; 233 NW2d 662 (1975). In this case an instruction on alibi would have misled the jury into believing that defendant had presented evidence of alibi, when in fact he had not. Defendant was not entitled to an alibi instruction.

Defendant also contends that it was error for the trial court to charge that the jury must be

---

[1] Defendant attempted to introduce evidence of his alibi but none of it was proper. Defendant claims that, although his alibi witness could not testify that he was in the bar where she worked on the afternoon of the robbery, her testimony did establish that defendant knew what the topics of conversation were in the bar on that date. This is not the case. Although defendant's questions of the witness incorporated details of the alleged conversations, questions are not evidence and cannot establish anything regarding defendant's knowledge.

Defendant also contends that the testimony of Sergeant Livingston regarding a statement made by defendant at the time of his arrest supports his claim of alibi. Over the objection of the prosecutor, Sergeant Livingston testified on cross-examination that defendant stated on arrest that he was in the Rustic Pub at the time of the robbery. The transcript clearly reveals, however, that this testimony was not admitted to establish the truth of defendant's statement, but only to show that such a statement was made. Defendant so stipulated on the record. Clearly Sergeant Livingston's testimony cannot be used to support defendant's claim of alibi.

Defendant also points out in his brief that the prosecutor sought to refute defendant's claim of alibi in his closing argument. Once again, statements of counsel are not evidence. That the prosecutor thought it necessary to argue that defendant had failed to establish his alibi does not necessarily mean that defendant had presented alibi evidence.

convinced of defendant's guilt, not beyond all reasonable doubt but beyond a reasonable doubt, in order to convict. He asserts that the following sentence in the court's instructions constitutes error:

"Each and every one of you must be satisfied beyond a reasonable doubt—note, if you will, I did not say 'beyond all reasonable doubt'; I said 'beyond a reasonable doubt'—after deliberating that the defendant is guilty before you can return a verdict of guilty."

As given the phrase is ambiguous. It may be read as advising the jury that "beyond all reasonable doubt" is not the proper standard to use for conviction. It may also be read as charging the jury that the proper standard is "beyond a reasonable doubt", thus differentiating the two standards. Defendant argues that the two are the same and that the jury was thus confused. It is not clear that a jury would necessarily be confused by the instructions as defendant suggests.

When an allegedly erroneous instruction is subject to two or more interpretations, it is proper to read the instructions in their entirety to determine if the trial court resolves the ambiguity by other comments it makes and instructions it gives. *People v Beard,* 78 Mich App 636; 261 NW2d 27 (1977). An ambiguity exists in the present case: reading the instructions as a whole is an appropriate mechanism to resolve the ambiguity. The instructions as a whole clearly state that the prosecution must prove the defendant guilty beyond a reasonable doubt. The proper standard of proof was set out by the trial court.

Defendant next claims that the prosecutor's failure to endorse and produce a res gestae witness requires reversal. The prosecutor is required to

endorse only those witnesses known to him at the time the information is filed. *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). He is, however, required to exercise due diligence in seeking to ascertain the identities of any witnesses. *People v Simpson,* 57 Mich App 320; 225 NW2d 748 (1975). The prosecutor may be excused from producing a res gestae witness if he makes a showing that he used due diligence in attempting to produce the witness or if the witness's testimony would be cumulative. *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975).

In this case there was no showing of due diligence by the prosecutor, nor sufficient evidence of cumulativeness to justify nonproduction on those grounds. The court erred in submitting the issue of nonproduction to the jury in the absence of sufficient evidence to permit a jury to find due diligence or cumulativeness. *People v Yarborough,* 61 Mich App 303; 232 NW2d 394 (1975).

Moreover, it was error for the trial court to attempt to cure the prosecutor's failure to endorse a res gestae witness by instructing the jury that they were entitled to infer that the nonproduced witness's testimony would be unfavorable to the prosecution. Such an instruction is not sufficient in all cases in which a res gestae witness was not endorsed. In *People v Harris,* 56 Mich App 267; 224 NW2d 57 (1974), in which the Court found that the testimony of the missing witness would have been definitely favorable to the defendant, the failure to use diligence to produce that witness was reversible error, despite the court's curative instruction. Likewise, *People v Gordon,* 60 Mich App 412; 231 NW2d 409 (1975), holds that the curative instruction at issue is not always sufficient.

"If the witness's testimony gives complicated or detailed corroboration of the defendant's version of the facts or if the testimony contains complicated or detailed rebuttal of prosecution evidence, the only remedy may be a new trial." 60 Mich App at 417.

Here we cannot say with certainty that the testimony of the unproduced res gestae witnesses does not fall within the *Harris* or *Gordon* or a similar exception. The trial court's instruction did not remedy its error.

It was also error for the trial court to deny defendant's motion for a new trial, which alleged failure to endorse and produce res gestae witnesses. There was no hearing as mandated by *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), to determine whether due diligence has been exercised or whether the witnesses' testimony was likely to be cumulative.

However, in this case, there was overwhelming evidence against defendant which renders the trial court's errors harmless. The rationale of harmless error was discussed in *People v Hadley,* 67 Mich App 688, 691–692; 242 NW2d 32 (1976).

"We are constrained to add this opinion to those which have held that nonendorsement and nonproduction was harmless error. We do not find this error unduly 'offensive to the maintenance of a sound judicial process'. *People v Swan,* 56 Mich App 22, 31–32; 223 NW2d 346 (1974). We base our decision on the overwhelming evidence against defendant. Where 'the proof was so overwhelming, aside from the taint of the error, that all reasonable jurors would find guilt beyond a reasonable doubt', then a defendant's conviction should be affirmed. *People v Swan, supra,* 33, quoting from Saltzburg, *The Harm of Harmless Error,* 59 Va L Rev 988, 1014, fn 89."

In the case before us, three witnesses described

the robber. One witness testified that he saw the robber get into an automobile belonging to defendant and that he followed the automobile to a nearby motel. A few minutes later defendant was apprehended in a motel room in which the proceeds of the robbery were found. The car in which the robber fled was outside the room. Defendant had been observed handling the stolen money, apparently counting it. Given the overwhelming evidence, we can only conclude that "aside from the taint of the error * * * all reasonable jurors would find guilt beyond a reasonable doubt". *People v Hadley, supra,* at 692. The error was harmless.

Finally, defendant asserts that he was prejudiced when, during trial, the judge stated that he was willing to make a record for the reviewing court. Upon objection by defendant, the trial court promptly ordered the remark stricken from the record and ordered the jury to disregard it.

Matters of appeal are not proper questions to be presented before a jury. See *People v Connors,* 251 Mich 99; 230 NW 931 (1930). But any prejudice resulting from the remark can be cured by a proper instruction. *People v Krogol,* 29 Mich App 406; 185 NW2d 408 (1971).

When a statement similar to the one made in this case has been made in the course of jury instructions, at least one court has found any error cured by a thorough charge on the duty of the jury. *State v Clark,* 227 Or 391; 362 P2d 335 (1961). A panel of this Court, relying on the Oregon decision, held there was no reversible error when the trial judge in his preliminary instructions to the jury said that any errors made by the trial judge would be reversed by a higher court. *People v Foster,* 77 Mich App 604; 259 NW2d 153

(1977). Among the factors relied on by the Court was the trial court's predeliberation instructions to the jury which impressed upon the jury the solemnity and importance of their duty. 77 Mich App at 616.

The allegedly improper remark was made during a ruling on a motion by defendant. The remark was stricken and the jury told to disregard it upon objection by defendant. The jury was later carefully instructed on their duty and the differing responsibilities of judge and jury. Under the circumstances defendant suffered no prejudice great enough to constitute reversible error.

We have examined the briefs and record and find defendant's remaining claims to be without merit.

Affirmed.